U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR 19 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MELVIN TASSIN (DOC #192651) | DOCKET NO. 08-CV-1079; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| ALFONSO PACHECO, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Melvin Tassin, an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 23, 2008. Plaintiff is incarcerated at the Winn Correctional Center (WCC) in Winnfield, Louisiana. He named as defendants: Dr. Pacheco, Pat Thomas, Winn Correctional, Warden Wilkinson, Corrections Corporation of America, Nurse Spenser, and Mona Heyse. He seeks $10 million in damages, an unspecified amount of punitive damages, the removal of Dr. Pacheco from his position at WCC, and a court order directing the medical department at WCC to stop giving him the "wrong" medication.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

Plaintiff, who is HIV positive, alleges that prior to being transferred to WCC, he was treated by a doctor at the HIV clinic in Lafayette, Louisiana. He claims that the HIV doctor prescribed

only one medication for his condition, but that he is being forced to take three medications at WCC. Plaintiff has made the same allegation against Forcht Wade Correctional Center and River Correctional Center in other lawsuits.[1] Plaintiff also claims that he is being administered "a dangerous overdose" of these HIV medications instead of the one medication prescribed by the HIV clinic in Lafayette. Plaintiff alleges that these medications are causing damage to his liver.

Plaintiff also complains that he is being forced to take the medication Dilantin[2], despite never being diagnosed with a seizure disorder. In his suit against the Lafayette Parish Correctional Center (LPCC), Plaintiff alleged that Dr. Kim LeBlanc prescribed Dilantin while he was incarcerated at LPCC.[3] According to

---

[1] On July 16, 2008, Plaintiff filed suit against the medical staff and others at the Forcht Wade Correctional Center claiming that the medical staff at that institution erroneously prescribed dilantin, sustiva, and truvada – medications which were not approved by the HIV physicians at University Medical Center's HIV Clinic in Lafayette. That complaint was dismissed with prejudice as frivolous on September 15, 2008. See *Melvin Tassin v. Forcht-Wade Correctional Center, et al.*, No. 5:08-cv-1038 [Doc. #7].
On July 16, 2008, Plaintiff also filed suit against River Correctional Center and others alleging that he was being forced to take medications that were not prescribed to him by the physicians at the HIV clinic in Lafayette. That case was also dismissed as frivolous. See *Melvin Tassin v. River Correctional Center, et al.*, No. 1:08-cv-1042.

[2] Dilantin, or phenytoin, is a medication ordinarily dispensed to treat various types of convulsions and seizures, but which is also used to control arrhythmias (irregular heartbeat) and to treat migraine headaches and facial nerve pain. See Medline Plus, A Service of the U.S. National Library of Medicine and the National Institutes of Health online at http://www.nlm.nih.gov/medlineplus/druginformation.html

[3] On July 16, 2008, Plaintiff filed suit against Lafayette Parish Correctional Center, et al., complaining that he was erroneously prescribed Dilantin. His case was dismissed as frivolous and for failing to state a claim for which relief can be granted. Plaintiff appealed, and his claim is pending in the Fifth Circuit. *See Melvin Tassin v. Lafayette Parish*

Plaintiff, Dilantin causes side effects when mixed with HIV medication.

Plaintiff alleges that Dr. Pacheco is liable for refusing to consult with the doctor at the HIV clinic. Plaintiff complains that Dr. Pacheco is giving him three medications that were not prescribed by the "HIV doctor," which is a violation of his constitutional rights.

Plaintiff alleges that Mona Heyse is liable for refusing to answer Plaintiff's Administrative Remedy Procedure form, which he placed in the Ash Dorm ARP Box on June 9, 2008.

Plaintiff alleges that Warden Wilkinson is liable for the acts and omissions of his employees and for failing to train, supervise, and instruct his employees.

Plaintiff claims that he is entitled to damages for being forced to take medication not prescribed by his HIV doctor; he bases his claim on theories of negligence and strict liability of the defendants. He also alleges that he is being subjected to cruel and unusual punishment in violation of the Eighth Amendment.

## Law and Analysis

### A. Screening

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process,

---

*Correctional Center, et al.*, No. 6:08-cv-1081.

if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. See Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

District courts must construe in forma pauperis complaints liberally; but, they are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995).

A hearing need not be conducted for every pro se complaint, Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir. 1991), and a district court may dismiss a prisoner's civil rights complaint

based upon the complaint and exhibits alone, Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). Here, Plaintiff's complaint alleges facts sufficient to conduct and conclude a preliminary screening pursuant to §1915. Accepting all of Plaintiff's allegations as true, the undesigned concludes, for the following reasons, that his complaint is frivolous.

**B. Medical Care**

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment to the United States Constitution only if the evidence shows that prison officials acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Farmer v. Brennan, 511 U.S. 825, 835 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06; see also Gregg v. Georgia, 428 U.S. 153 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302 (1991); Farmer, 511 U.S. at 838-47. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Finally, a prisoner must also allege an

injury that is more than de minimis, although it need not be significant. See <u>Gomez v. Chandler</u>, 163 F.3d 921, 924 (5th Cir. 1999); <u>Siglar v. Hightower</u>, 112 F.3d 191 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. Plaintiff has been examined by medical personnel at various institutions, including WCC, and at the HIV clinic in Lafayette, Louisiana. Plaintiff was prescribed medications for his condition by medical staff. However, he disagrees with the medical treatment he received. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, Plaintiff's disagreement with the diagnostic measures or methods of treatment afforded by the prison officials at WCC does not state a claim for Eighth Amendment deliberate indifference to medical needs.

Plaintiff's allegations, accepted as true, may amount to a state law claim for negligence, at best. However, negligence, neglect, or medical malpractice does not amount to a denial of a constitutional right. See <u>Daniels v. Williams</u>, 474 U.S. 327, 329-30 (1986); <u>Estelle</u>, 429 U.S. at 106; <u>Lewis v. Woods</u>, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a

cognizable complaint under the Civil Rights Act. See <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See <u>Mayweather v. Foti</u>, 958 F.2d 91 (5th Cir. 1992). Accordingly, Plaintiff's medical claim should be dismissed with prejudice as frivolous.

## C. Other Defendants

Plaintiff alleges that Mona Heyse is liable for refusing to answer Plaintiff's Administrative Remedy Procedure form, which he placed in the Ash Dorm ARP Box on June 9, 2008. It is well-settled that inmates do not have a constitutionally protected right to a grievance procedure.[4]

Plaintiff alleges that Warden Wilkinson is liable for the acts and omissions of his employees and for failing to train, supervise,

---

[4] <u>See, e.g.</u>, <u>Jones v. North Carolina Prisoners Labor Union</u>, 433 U.S. 119, 138 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are constitutionally mandated); <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994)(holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (holding prison grievance procedure does not confer substantive right on inmates; thus does not give rise to protected liberty interest under the Fourteenth Amendment); <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (concluding regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988) (holding state prisoners have no legitimate claim of entitlement to grievance procedure); <u>Reneau v. Dretke</u>, 2006 U.S. Dist. LEXIS 6694 (D. Tex. 2006).

and instruct his employees. First, supervisory officers cannot be held liable under § 1983 for the actions of subordinates on a theory of vicarious liability. See Alton v. Texas A & M Univ., 168 F.3d 196, 200 (5th Cir. 1999). Second, the allegations are conclusory and unsupported by facts. Moody v. Baker, 857 F.2d 256 (5th Cir. 1988)(conclusory allegations do not support a civil rights claim). Third, Plaintiff has failed to allege a causal connection between the alleged failure to train or supervise prison employees and a constitutional violation. See Barker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996).

## Conclusion

For the reasons stated herein, and for the reasons stated in the Report and Recommendations and Judgments in case numbers: 5:08-cv-1038, 1:08-cv-1032, and 6:08-cv-1041, **IT IS RECOMMENDED THAT** Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. Section 636(b)(1)©) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.**

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 19th day March, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE